IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Hodges Anthony, Jr., | ) | C/A No.: 1:11-3353-TMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Kristin Marzol, | ) | |
| Defendant. | ) | |

Plaintiff Hodges Anthony, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Lexington County Detention Center ("LCDC"). Defendant Kristin Marzol ("Defendant") is a nurse at LCDC.[1] Before the court are Defendant's motion for summary judgment [Entry #43] and Plaintiff's motion for summary judgment [Entry #50]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions for summary judgment are dispositive, this Report and Recommendation is entered for review by the district judge.

I.    Factual and Procedural Background

Plaintiff alleges that on or about October 16, 2011, he complained to Nurse Lisa of

---

[1] Plaintiff appears to work for a private corporation that employs medical care providers (doctors, physician assistants and nurses) who work under contract with the LCDC. The plaintiff was housed at the LCDC while he was a pre-trial detainee.

stomach pain and nausea sometime between 1:30 p.m. and 4:00 p.m. [Entry #1 at 3]. According to the complaint, Nurse Lisa stated that she "would check to get some medicine" for him. *Id*. Plaintiff alleges that when Nurse Betty came to perform a diabetic check between 4:00 p.m. and 5:00 p.m., she told Plaintiff that she had no information regarding Nurse Lisa's check for medicine. *Id*. Plaintiff alleges that on October 17, 2011, between 1:30 p.m. and 4:00 p.m., he complained of serious stomach pain, vomiting, and diarrhea to "Nurse Precious Small, c/o Hopkins, and MCO Mickins." *Id*. According to the complaint, Hopkins called Defendant to help Plaintiff, but Defendant would not come and instead told Hopkins to "survelliance [Plaintiff]." [Entry #1 at 3–4]. Plaintiff alleges he had multiple episodes of diarrhea from 5:00 p.m. to 6:15 p.m. *Id*. at 4. Plaintiff alleges that about 7:30 p.m., Officer Arnett sent him to the nurses and he was seen by Nurse Precious Smalls and was then sent back to the pod. *Id*. Nurse Small checked on him again between 9:00 p.m. and 10:00 p.m. and contacted the LCDC doctor for instruction. *Id.*

As a result of his complaints, Plaintiff was transferred to the Lexington Medical Center emergency room on October 17, 2011, with a chief complaint of acute abdominal pain. [Entry #43-2 at 13]. Vital signs were taken at time of transfer and the records indicate he was given a Zantac three hours prior. *Id*. Plaintiff was treated with IV fluid, Zofran for nausea, Toradol for pain, and discharged with a prescription for Phenergan for nausea. *Id*. at 12. The discharge diagnosis was vomiting/diarrhea and gastroenteritis. *Id*. at 10.

Plaintiff returned to LCDC and Dr. Miles prescribed an antibiotic. *Id*. at 69. Thereafter, Plaintiff was seen by Dr. Miles on October 19, 2011 and October 26, 2011 for

follow up care and treatment. *Id*. On October 26, 2011, Dr. Miles noted Plaintiff was no longer having nausea, vomiting, or diarrhea and he was informed to return to the clinic as needed. *Id*. at 69.

Defendant filed her motion for summary judgment on July 24, 2012. [Entry #43]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #44]. Plaintiff filed a timely response in opposition to Defendant's motion on August 9, 2012 [Entry #49] and filed his motion for summary judgment on August 17, 2012 [Entry #50], to which Defendant did not file a response. Having carefully considered the parties' submissions and the record in this case, the court recommends granting Defendant's motion and denying Plaintiff's motion.

II. Discussion

A. Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B. Analysis

1. Fourteenth Amendment Review

Plaintiff's claims are analyzed through the lens of the Due Process clause of the Fourteenth Amendment. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). "However, not every hardship encountered during pretrial detention

4

amounts to 'punishment' in the constitutional sense." *Hill,* 979 F.2d at 991. "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. In doing so, the *Bell* court noted, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546.

However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983) and *Hill*, 979 F.2d at 991–92). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. *See Hill*, 979 F.2d at 991; *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citations omitted).

2. Deliberate Indifference to Serious Medical Needs

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)).

5

The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103–105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff

may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Here, Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs. According to Plaintiff's own allegations, he was taken to the ER on the same day that he first complained on vomiting and diarrhea. *See generally* Compl. [Entry #1]. Additionally, there is no indication in Plaintiff's allegations that Defendant was aware before 4:00 p.m. on October 17, 2011 that Plaintiff had any medical complaints related to nausea, abdominal pain, vomiting, or diarrhea. *Id*. Therefore, it appears Plaintiff's claims are limited to Defendant's orders for the correctional officers to "surveillance" him upon the first report of his illness. Such allegations do not demonstrate treatment that is "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" such that it constitutes deliberate indifference to Plaintiff's serious medical needs. *Miltier*, 896 F.2d at 851. In addition, to the extent Plaintiff alleges Defendant's act or omissions constituted negligence or malpractice, such claims are insufficient to state a claim pursuant to § 1983.

3. Exhaustion

Defendant asserts that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. The parties appear to agree that Plaintiff filed internal grievances available through the LCDC. Although Defendant contends that Plaintiff failed to properly exhaust because he did not seek review from the South Carolina Administrative Law Court, the court observes that state law does not provide for review

by the South Carolina Administrative Law Court of decisions of county detention centers, in contrast to certain decisions of the SCDC. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (stating that exhaustion procedures are determined by the facility, not the Prison Litigation Reform Act); *Al-Shabazz v. State*, 527 S.E.2d 742 (S.C. 2000) (providing for review by the Administrative Law Court of certain decisions of the Department of Corrections). Therefore, Defendant's argument that Plaintiff has not exhausted his administrative remedies must fail.

    4.    Defendant's Status as a State Actor

Defendant also argues that she is not a person amenable to suit under § 1983 because she is a private individual who has contracted to provide health care services. The undersigned declines to recommend granting Defendant's motion on this basis. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that private physicians that contracted with the state to provide medical care to prisoners were state actors because they were hired to fulfill an obligation—providing medical care—which was traditionally fulfilled by the state); *Millmine v. County of Lexington*, C/A No. 3:09–1644–CMC, 2010 WL 412605 (D.S.C. Jan. 28, 2010) (unpublished) (considering whether Prison Health Services, an independent health contractor with a detention center, acted under the color of state law and declining to dismiss it as a defendant in light of the absence of clear precedent on this issue and the Fourth Circuit authority holding that private physicians who treat prison inmates may be held liable under § 1983).

5. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment [Entry #50] essentially restates the arguments of his brief in opposition to Defendant's summary judgment motion. The motion provides no evidence in support of his arguments and the undersigned does not find the arguments persuasive such that they alter the above analysis. Therefore, it is recommended that Plaintiff's motion for summary judgment be denied.

III. Conclusion

For the foregoing reasons, the undersigned recommends Defendant's motion for summary judgment [Entry #43] be granted and Plaintiff's motion for summary judgment be denied [Entry #50].

IT IS SO RECOMMENDED.

September 11, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).